CUDAHY, Circuit Judge,
concurring.
I can accept the majority’s view that Metropolitan waived its best argument. Ante at 170. Had it not done so, this case would have been significantly more difficult.
Metropolitan sued both JWA and JWP Investors in Wisconsin state court and secured the appointment of a receiver. Under Ottman v. Tilbury, 204 Wis. 56, 234 N.W. 325 (1931) (a case cited to us by JWA!), this development ousted JWP Investors from its role as lessor and JWA from its role as sub-lessor and replaced them both with Metropolitan’s receiver. In Ott-man, the Wisconsin Supreme Court held that a receiver stood in the shoes of the landlord, “with all of the powers usually possessed by landlords in such cases.” Id. at 59, 234 N.W. 325. The landlord, however, was not the mortgagor of the property, but was rather a land contract vendee from the mortgagor. Here, of course, the land contract vendee (and landlord) is JWP Investors and the mortgagor is JWA. In Ottman, as here, both the land contract vendee and the mortgagor were joined in the action. Accordingly, the receiver stands in JWP Investors’, the landlord’s, shoes. Further, a receiver in this position may cancel a lease if the landlord could. See, for example, Evans v. Orgel, 221 Wis. 152, 156, 266 N.W. 176 (1936) (receiver may evict tenant who has violated local ordinances). In sum, although Metropolitan has no standing as a creditor to complain about JWA’s failure to assume its lease under section 365(d)(4), it surely has standing as a landlord.
Of course, the automatic stay might put JWP Investors back into its own shoes; in which case, this state law analysis would not matter. But, as the majority notes, the potential effect of the stay on a proceeding between a creditor and a debtor’s co-defendant raises difficult issues on which we have not been briefed.
The requirements of section 365(d)(4) are unequivocal and important. JWA tried to finesse them. In my view, JWA got off lightly here.